FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 99 DEC 20 PM 12:00

TAMPA DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

| | |
|---|---|
| WILLIAM BELL, | Case No.: 99-2869 |
| Plaintiff, | Civ-T-23F |
| vs. | |
| VICHRIS, INC., d/b/a VILLAGE INN RESTAURANT, | |
| Defendant. | |

# C O M P L A I N T

Plaintiff sues the Defendant and alleges as follows:

## NATURE OF ACTION

1. This is an action under Title I of the Americans With Disabilities Act of 1990, and Florida law to correct and remedy unlawful employment practices on the basis of disability and to make whole and compensate WILLIAM BELL.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343. This action is authorized and instituted pursuant to the Americans With Disabilities Act of 1990 ("ADA"), and Florida Civil Rights Act ("FCRA").

3. Venue is proper within this District pursuant to 42 U.S.C. §2000e-5(f)(3) as adopted by the terms of 42 U.S.C. §12117(a), and 28 U.S.C. §1391.



/

## PARTIES

4. Plaintiff, WILLIAM BELL, is a qualified individual with a disability. At all times material hereto, Plaintiff had cerebral palsy.

5. WILLIAM BELL is a citizen and resident of the United States and the State of Florida, and resides in Hernando County, Brooksville, Florida.

6. Defendant, VICHRIS, INC., d/b/a VILLAGE INN RESTAURANT, (hereinafter referred to as "VILLAGE INN RESTAURANT"), is a corporation located at 5399 Commercial Way, Spring Hill, Florida, doing business as a restaurant.

7. Defendant, VILLAGE INN RESTAURANT, is an entity engaged in an industry that affects commerce within the meaning of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C., §12111 and Florida Statutes Chapter 760.

8. Defendant, VILLAGE INN RESTAURANT, is an employer as defined by Title I of the Americans With Disabilities Act of 1990, 42 U.S.C., §12111 and Florida Statutes Chapter 760.

9. Defendant, VILLAGE INN RESTAURANT, employs in excess of fifteen (15) employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

10. At all relevant times, Defendant, VILLAGE INN RESTAURANT has been a covered entity under §101(2) of the ADA, 42 U.S.C. §12111(2).

11. As a result of the Defendant's conduct, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorneys fees and costs.

12. Additionally, Plaintiff states that Defendant acted intentionally, maliciously, willfully, wantonly and recklessly and in conscious disregard of his rights, in discriminating against him on the

basis of his disability and for such conduct Defendant is liable for punitive damages.

## ADMINISTRATIVE PREREQUISITES

13. Plaintiff, WILLIAM BELL, has satisfied all the procedural and administrative requirements set forth in the Americans With Disabilities Act of 1990 and Florida Statutes Chapter 760.

14. On December 6, 1998, Plaintiff timely filed a written charge of employment discrimination on the basis of disability with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") charging that Defendant has discriminated against Plaintiff on the basis of his disability. See attached Exhibit A.

15. The charge was timely filed within 180 days of the discriminatory employment practice described in this Complaint.

16. Plaintiff, WILLIAM BELL, then received a notice of his right to sue, with respect to the disability charge, from the Tampa Area Office of the EEOC on November 2, 1999. See attached Exhibit B.

17. Plaintiff filed his Complaint with this Court within 90 days from the receipt of the "Notice of Right to Sue."

18. Under Chapter 760, Florida Statutes, no right to sue notice is required after 180 days have passed since Plaintiff filed his Charge of Discrimination. More than 180 days have passed and all conditions precedent have been met for filing this action and proceeding under Chapter 760, Florida Statutes.

## FACTS

19. Plaintiff was hired by Defendant on or about November 13, 1998.

20. Plaintiff began his employment with Defendant as a prep cook.

21. Plaintiff performed his job duties within the legitimate expectations of his employer.

22. Plaintiff was able to perform his job duties with or without a reasonable accommodation.

23. Plaintiff began the orientation program for prep cook on or about November 13, 1998.

24. On or about November 20, 1998, owner, William Christie, approached Plaintiff and expressed his concern about Plaintiff's disability affecting his ability to keep up with the fast-paced environment and lifting.

25. Then, Plaintiff was terminated on or about November 20, 1998 by William Christie, due to his disability.

26. Plaintiff, who is a qualified individual with a disability, was subjected to discrimination when he was terminated due to his disability.

## COUNT I
### (DISCRIMINATION PURSUANT TO AMERICANS WITH DISABILITIES ACT OF 1990)

27. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

28. By the conduct described above, Defendant, VILLAGE INN RESTAURANT, has engaged in unlawful employment practices and discriminated against Plaintiff, WILLIAM BELL, on account of his known disability, and/or because the Defendant regarded him as having a disability,

and/or because of Plaintiff's record of having a disability.

29. Defendant terminated Plaintiff, WILLIAM BELL, on the basis of his disability.

30. A salary of $5.15 an hour plus bonuses and fringe benefits of health plans, disability income, life insurance, vacation, paid sick leave, retirement benefits and unemployment compensation benefits were compensation for the job from which Plaintiff was wrongfully terminated.

31. Plaintiff has suffered pecuniary losses as a direct result of Defendant's discrimination.

32. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered a loss of wages and other benefits, an impairment of his employment records, emotional distress, humiliation and loss of professional standing, and has also incurred litigation costs as a result thereof.

WHEREFORE, Plaintiff, WILLIAM BELL, respectfully prays the Court to:

1. Award Plaintiff such damages as will compensate him for past and future financial losses, emotional pain, suffering, inconvenience, and mental anguish, up to the maximum amount permitted by law;

2. Award Plaintiff compensatory and punitive damages as permitted under the Americans With Disabilities Act of 1990, 42 U.S.C. §1981(a) and Title VII;

3. Award Plaintiff such other and further relief as the Court may deem just and equitable;

4. Award attorneys fees and costs;

5. Award Plaintiff punitive damages; and

6. Plaintiff demands a **trial by jury** as to all issues so triable.

## COUNT II
## (DISCRIMINATION PURSUANT TO
## FLORIDA STATUTES CHAPTER 760)

33. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

34. A salary of $5.15 an hour plus bonuses and fringe benefits of health plans, disability income, life insurance, vacation, paid sick leave, retirement benefits and unemployment compensation benefits were compensation for the job from which Plaintiff was wrongfully terminated.

35. Plaintiff has suffered pecuniary losses as a direct result of Defendant's discrimination.

36. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered a loss of wages and other benefits, an impairment of his employment records, emotional distress, humiliation and loss of professional standing, and has also incurred litigation costs as a result thereof.

37. The above described acts of discrimination constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages.

39. Defendant's conduct was wilful and intentional.

WHEREFORE, Plaintiff, WILLIAM BELL, prays the Court to:

1. Award Plaintiff such damages as will compensate him for past and future financial losses, emotional pain, suffering, inconvenience, and mental anguish, up to the maximum amount permitted under Florida Statutes Chapter 760;

2. Award Plaintiff compensatory and punitive damages as permitted under Florida Statutes Chapter 760;

  3. Award Plaintiff such other and further relief as the Court may deem just and equitable;

  4. Award attorneys fees and costs;

  5. Award Plaintiff punitive damages; and

  6. Plaintiff demands a **trial by jury** to all issues so triable.

Dated this 17th day of December, 1999.

**FLORIN, ROEBIG & WALKER, P.A.**

*[signature]*

**ANGELA E. OUTTEN, ESQUIRE**
**WOLFGANG M. FLORIN, ESQUIRE**
**CHRISTOPHER D. GRAY, ESQUIRE**
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff
FL Bar Nos.: 0002569, 907804 and 902004

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ✓ FEPA ✓ EEOC | |

| State or local agency, if any: | Florida Commission On Human Relations and EEOC | |
|---|---|---|
| Name (Indicate Mr., Mrs., Ms.) Mr. William Bell | | HOME TELEPHONE (Include Area Code) (352) 596-3879 |
| STREET ADDRESS 14340 Cinnaman Lane | CITY, STATE AND ZIP CODE Brooksville, Florida 34614 | DATE OF BIRTH 07/01/73 |

NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below)

| NAME Village Inn Restaurant | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (Include area code) (352) 596-9256 |
|---|---|---|
| STREET ADDRESS 5399 Commercial Way | CITY, STATE AND ZIP CODE Spring Hill, Florida 34606 | COUNTY Hernando |
| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include area code) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

RACE ___ COLOR ___ SEX ___ RELIGION ___ NATIONAL ORIGIN ___
RETALIATION ___ AGE ___ DISABILITY _X_ OTHER (Specify) ___

DATE DISCRIMINATION TOOK PLACE
EARLIEST  /  /    LATEST 11/20/98
CONTINUING ACTION ___

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s))

**I: PERSONAL HARM:**

On November 13, 1998, I began my employment with Village Inn Restaurant as a prep cook. On November 20, 1998, I was terminated from my position. I believe that I was discriminated against based upon my disability.

**II: RESPONDENT'S REASON FOR ADVERSE ACTION:**

That due to my disability, my employer did not think that I could keep up with the fast pace and I would have trouble lifting.

**III: STATEMENT OF DISCRIMINATION:**

I believe I was discriminated against because of my disability, in violation of the Americans With Disabilities Act of 1990, and Florida Statutes Chapter 760.

_X_ I want this charge filed with both the EEOC and the State or local agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty or perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINTANT

X December 06, 1998  William Bell

DATE 12/6/98   CHARGING PARTY (Signature)

X William Bell

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month and year)

EEOC FORM 5 (Rev. 06/92)

EXHIBIT "A"

KIMBERLY R GRINER
MY COMMISSION # CC 492094
EXPIRES: August 28, 1999
Bonded Thru Notary Public Underwriters

12/6/98

EEOC Form 161-B (10/96)        U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Mr. William Bell<br>14340 Cinnaman Lane<br>Brooksville, Florida 34614 | U. S. Equal Employment Opportunity Commission<br>Tampa Area Office<br>501 E. Polk Street, Room 1020<br>Tampa, Florida 33602 |

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 151990233 | Maria I. Melendez | (813) 228-2310 |

**NOTICE TO THE PERSON AGGRIEVED:**   *(See also the additional information attached to this form.)*

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ x ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ x ]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ x ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Manuel Zurita., Area Director          11-2-99
                                        *(Date Mailed)*

Enclosure(s)
Copy of Charge

cc:
Mr. Bill Christie, Owner
Village Inn Restaurant
37506 Skyridge Circle
Dade City, Florida 33525

Ms. Angela E. Outten, Esquire
Florin, Roebig, Walker, et al
South Trust Bank, Third Floor
28059 U.S. Hwy. 19 N.
Clearwater, Florida 33761

EXHIBIT "B"